IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS WILLIAMS, on behalf of himself and others similarly situated, | : : : : : : |
| Plaintiff, | : **CLASS AND COLLECTIVE ACTION** : |
| v. | : **JURY TRIAL DEMANDED** : |
| HH INTERMODAL LLC, JIMMY TRUMBULL, and BILLY HOGAN, | : : : : |
| Defendants. | : : |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Demetrius Williams ("Plaintiff"), individually, and on behalf of all persons similarly situated, through their undersigned counsel, files this Collective and Class Action Complaint ("Complaint") against Defendants HH Intermodal LLC, Jimmy Trumbull, and Billy Hogan (collectively, "Defendants"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq.*

Plaintiff asserts the FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b) and the state law claim as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

This case is about Defendants' unlawful scheme to attempt to avoid responsibility for paying its Spotters in accordance with federal and state wage and hour laws by failing to pay a rate

of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims are proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim because the claim derives from a common nucleus of operative facts as the FLSA claim.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside in and conduct business in this District.

## PARTIES

4. Plaintiff Demetruis Williams is a citizen of Illinois and resides in Westchester, Illinois. Plaintiff worked for Defendants as a Spotter in Illinois from September 2021 to April 2022. Pursuant to 29 U.S.C. § 216(b), Plaintiff Williams has consented in writing to participate in this action. *See* Exhibit A

5. Defendant HH Intermodal LLC is a company organized under the laws of Illinois with principal offices in Bloomindale and Bartlett, Illinois which operates throughout the United States, including this Judicial District.

6. Defendant Jimmy Trumbull ("Trumbull") is a citizen and resident of Illinois. Trumbull is the co-owner of HH Intermodal LLC. Trumbull has exerted a substantial amount of control over significant aspects of HH Intermodal's day-to-day operation during all relevant time periods. In managing the day-to-day operations of HH Intermodal, Trumbull makes decisions concerning work staffing, personnel matters, pay policies, and compensation.

7. Defendant Billy Hogan ("Hogan") is a citizen and resident of Illinois. Hogan is the co-owner of HH Intermodal LLC. Hogan has exerted a substantial amount of control over significant aspects of HH Intermodal's day-to-day operation during all relevant time periods. In managing the day-to-day operations of HH Intermodal, Hogan makes decisions concerning work staffing, personnel matters, pay policies, and compensation.

8. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

9. During times relevant, Plaintiffs were employees of Defendants and are covered by the FLSA and the IMWL.

10. Defendants are employers covered by the FLSA and the IMWL.

11. Defendants employ individuals, including Spotters, in Illinois, Indiana, Michigan, Ohio, Kentucky, and Florida, as well as potentially other states.

12. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

13. Defendants' annual gross sales exceed $500,000.

## **COLLECTIVE DEFINITION**

14. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following class:

> All current and former Spotters who worked for Defendant in the United States during the applicable limitations period (the "FLSA Collective").

15. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

3

All current and former Spotters who were paid by Defendant in Illinois between May 16, 2018 and May 16, 2022 (the "Illinois Spotter Class").

16. The FLSA Class and the Illinois Class are together referred to as the "Classes" and the members of the Classes are "Class Members."

17. Plaintiff reserves the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### The Nature of Plaintiff Williams' Work for Defendants

18. Plaintiff Williams was employed as a Spotter from August 2021 through April 2022 in Defendants' Bedford Park, Illinois location.

19. Defendants provide Spotters to large freight companies such as CSX, Canadian Pacific, Union Pacific, and Northern Southern Railway for loading and unloading cargo.[1]

20. Spotters move empty trailers and cargo by trailer.

21. Spotters' work takes place entirely on the premises of a terminal or other private property.

22. The vehicles that Spotters operate, and their work duties, do not fall under the jurisdiction of the United States Department of Transportation.

23. Defendants do not require Spotters to have a Commercial Driver's License ("CDL") or any other type of specialized license or training.

24. Defendants operate twenty-four (24) hours a day by using two (2) twelve (12) hour shifts for workers. A day shift (6:00 a.m. to 6:00 p.m.) and a night shift (6:00 p.m. to 6:00 a.m.).

25. Plaintiff Williams does not currently hold a CDL.

---

[1] *See* https://hhintermodal.com/ (last visited May 16, 2022).

26. Plaintiff Williams is unaware of any other Spotter that currently holds a CDL.

27. Plaintiff Williams and other Spotters were required to clock in when they arrived at the facility on a mobile app.

28. Plaintiff worked the 6:00 a.m. to 6:00 p.m. day shift five (5) to six (6) days a week.

29. Plaintiff Williams regularly worked more than forty (40) hours a week. Plaintiff Williams observed that other Collective Members routinely worked similar hours.

30. On average, Plaintiff Williams worked ten (10) to twenty (20) hours of overtime per week.

### Spotters Were Paid Straight Time for All Hours Worked

31. Plaintiff Williams was paid $30.00 an hour.

32. Accordingly, Plaintiff Williams' overtime rate is $45.00 an hour.

33. At the beginning of their employment, Spotters were paid their hourly wage for each hour worked, regardless of how many hours they worked.

34. By way of example, if the Spotter worked 18.48 hours of overtime in a week, the Spotter was only paid straight time or 58.48 hours times $30.00 an hour ($1,754.50).

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 58.48 | 30.00 | 1,754.50 | 3,266.00 |
| Taxes | | | Current | YTD Amount |
| Medicare Employee Addl Tax | | | 0.00 | |
| Federal Withholding | | | -288.00 | -522.00 |
| Social Security Employee | | | -108.78 | -202.49 |
| Medicare Employee | | | -25.44 | -47.36 |
| | | | -422.22 | -771.85 |
| Net Pay | | | 1,332.28 | 2,494.15 |

Pay Period: 11/14/2021 - 11/20/2021

Company Message
Happy Thanksgiving!

35. Plaintiff Williams observed that other Spotters were also not properly compensated for working overtime and instead, were paid straight time for all hours worked, regardless of how many hours they worked.

5

36. In the Fall of 2021, a group of Spotters met with Defendants to discuss their failure to pay overtime. In response, Defendants responded by reaffirming that their policy was only to pay straight time for all hours worked.

37. Defendants continued to pay straight time for all hours worked until the beginning of 2022.

38. Plaintiff Williams and other Spotters regularly worked more than forty (40) hours per week.

39. Plaintiff Williams and other Spotters regularly worked five (5) to six (6) days per week.

40. Defendants did not pay Plaintiff Williams or Spotters overtime compensation of one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) in a workweek.

41. Defendants paid their Spotters, such as Plaintiff Williams and other Collective Members, pursuant to the same unlawful straight time pay policy, without paying overtime compensation of one and one-half (1½) times their regular rate for work performed amounting to more than forty (40) hours per week.

### Defendants' Failure to Properly Pay Delivery Associates Was Willful

42. Defendants' actions in violation of the FLSA were made willfully in an effort to avoid liability under the FLSA.

43. In addition, Defendants have failed to make, keep and preserve records with respect to the Plaintiff and other members of the FLSA Collective sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three (3) years and time sheets for two (2) years, including the exact

number of hours worked each day and each week).

44. Defendants knew or absent their own recklessness should have known that the Plaintiff and Collective Members were entitled to overtime compensation as defined by the FLSA.

45. By failing to pay the proper overtime compensation to the Plaintiff and other Spotters, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

46. Plaintiff Williams brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

47. Plaintiff Williams desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

48. Plaintiff Williams and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

49. Specifically, Defendants failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

50. The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

51. Defendants employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

52. Plaintiff Williams brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the State Law Class as defined above.

53. The members of the State Law Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than sixty-five (65) members in the Illinois Class.

54. Plaintiff will fairly and adequately represent and protect the interests of the State Law Class because there is no conflict between the claims of Plaintiff and those of the State Law Class, and Plaintiff's claims are typical of the claims of the State Law Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

55. There are questions of law and fact common to the proposed State Law Class, which predominate over any questions affecting only individual Class members, including, without limitation, whether Defendants have violated and continue to violate the laws of Illinois through its policy or practice of not properly paying Plaintiff and other Spotters overtime compensation.

56. Plaintiff's claims are typical of the claims of the State Law Class in the following ways, without limitation: (a) Plaintiff Williams is a member of the Illinois Class; (b) Plaintiff's

claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the State Law Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the State Law Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the State Law Class members.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the State Law Class predominate over any questions affecting only individual Class members.

58. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The State Law Class are readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the State Law Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

59. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the State Law Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

60. Without a class action, Defendants will retain the benefit of its wrongdoing, which

will result in further damages to Plaintiff and the State Law Class. Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

63. Defendants are subject to the wage requirements of the FLSA because the Defendants are an "employer" under 29 U.S.C. § 203(d).

64. At all relevant times, the Defendants were, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. During all relevant times, the members of FLSA Collective, including Plaintiff Williams, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

66. Plaintiff Williams and the FLSA Collective are not exempt from the requirements of the FLSA.

67. Plaintiff Williams and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek.

68. Defendants' compensation scheme applicable to the Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

69. Defendants knowingly failed to compensate Plaintiff Williams and the FLSA

Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week.

70. Defendants also failed to create, keep and preserve records with respect to work performed by Plaintiff Williams and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

71. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (On Behalf of Plaintiff Williams and the Illinois Class)

72. All previous paragraphs are incorporated as though fully set forth herein.

73. The Illinois Minimum Wage Law ("IMWL") entitles covered employees to overtime compensation of not less than one and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of forty (40) in a workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

74. Defendants are subject to the IMWL's overtime requirements because each is an employer under 820 Ill. Comp. Stat § 105/3(c).

75. During all relevant times, Plaintiff Williams and the Illinois Class were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

76. Plaintiff Williams and the Illinois Class are not exempt from the IMWL.

77. Plaintiff Williams and the Illinois Class routinely worked in excess of forty (40) hours per week.

78. As described in the foregoing paragraphs, Defendants' compensation policies and

practices are in violation of the IMWL. *See* 820 ILCS § 115/1 *et seq*.

79. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

80. Defendants knowingly failed to compensate Plaintiff Williams and the Illinois Class for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL. *See* 820 Ill. Comp. Stat. § 105/4a(1).

81. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), employers, such as Defendants who fail to pay an employee wages in conformance with the IMWL shall be liable to the employee for, *inter alia*, unpaid wages for three (3) years prior to the filing of the lawsuit, punitive damages in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the State Law Class:

c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

      g.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: May 19, 2022                 Respectfully submitted,

                                       /s/ Ryan Allen Hancock
                                       Ryan Allen Hancock
                                       PA Attorney ID# 92590
                                       WILLIG, WILLIAMS & DAVIDSON
                                       1845 Walnut Street, 24th Floor
                                       Philadelphia, PA  19103
                                       Tel.: (215) 656-3600
                                       Fax: (215) 567-2310
                                       rhancock@wwdlaw.com

                                       /s/ Jessica R. Brown
                                       Jessica R. Brown
                                       Illinois Attorney ID No. 6334094
                                       WILLIG, WILLIAMS & DAVIDSON
                                       77 W. Washington St., Suite 2120
                                       Chicago, Illinois 6060
                                       jbrown@wwdlaw.com

                                       *Attorneys for the Plaintiff and the Proposed FLSA Collective and Class*